IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Richie Leo Williams,            )
    Petitioner,              )
                                )
v.                              )         1:23cv232 (CMH/JFA)
                                )
Commonwealth of Virginia,       )
    Respondent.              )

## MEMORANDUM OPINION AND ORDER

Virginia inmate Richie Leo Williams[1] ("Petitioner") has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to vacate his April 27, 2016 conviction in the Circuit Court of the City of Fredericksburg, Virginia, for robbery and the revocation of his probation based upon the robbery. [Dkt. No. 1]. Petitioner has styled his pleading a "Motion to Vacate" but it will be construed as a § 2254 petition because he seeks to vacate his conviction and sentence.[2] Petitioner, however, has previously filed a § 2254 petition for a writ of habeas corpus challenging the same conviction. Williams v. Clarke, No. 1:18cv1541, 2020 U.S. Dist. LEXIS 48973 (E.D. Va. Mar. 18, 2020), appeal dismissed, 818 F. App'x 296 (4th Cir. 2020). Accordingly, the Court does not have jurisdiction to entertain a successive petition without an order from the United States Court of Appeals for the Fourth Circuit.

---

[1] Petitioner has designated his name as "Richie" Leo Williams. His prisoner number, No. 1115362, is the same prisoner number he used when he filed his previous habeas petitions in this Court. Williams v. Commonwealth, No. 1:22cv41 (E.D. Va. Feb. 7, 2022); Williams v. Clarke, No. 1:18cv1541, 2020 U.S. Dist. LEXIS 48973 (E.D. Va. Mar. 18, 2020), appeal dismissed, 818 F. App'x 296 (4th Cir. 2020).

[2] Petitioner also sought to file a petition pursuant to 28 U.S.C. § 2255, which was construed as a § 2254 petition because he sought to vacate his state conviction. The Court dismissed that petition as a successive writ over which the Court has no jurisdiction over a successive petition without an order from the United States Court of Appeals for the Fourth Circuit. Williams v. Commonwealth, No. 1:22cv41 (E.D. Va. Feb. 7, 2022).

Title 28 U.S.C. § 2244(b) compels a district court to dismiss a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show by "clear and convincing evidence that but for constitutional error, no reasonable fact Finder would have found the applicant guilty of in in lying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 24, however, does not lie with the district court. It "must be made by a court of appeals." In re Williams, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction" over a successive petition. Evans, 220 F.3d at 325. Petitioner has not provided an appropriate order from the United States Court of Appeals for the Fourth Circuit. This Court therefore lacks jurisdiction to consider this successive petition.

Accordingly, it is hereby

ORDERED that this successive petition [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil action.

Entered this 23rd day of Feb, 2023.

*Claude M. Hilton*
United States District Judge

Alexandria, Virginia